UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUNTEE WILSON, III,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                         Case No. 1:09-CV-878

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff applied for benefits on March 9, 2005, alleging that he had been disabled since November 11, 1974. (Tr. 14, 87). Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). (Tr. 100-59). On November 28, 2006, Plaintiff appeared before ALJ Dennis Matulewicz. (Tr. 162-80). Plaintiff was not represented at this hearing. Plaintiff stated that he understood that he had the right to be represented at the hearing. (Tr. 166-67). Plaintiff also indicated that he understood that an attorney would not charge him a fee unless his claim for benefits was successful. (Tr. 167). Plaintiff nevertheless wished to continue with the hearing. (Tr. 167).

The ALJ conducted a second hearing on February 13, 2007. (Tr. 181-95). Plaintiff was not represented at this hearing. Plaintiff again indicated that he understood that he had the right to be represented at the hearing. (Tr. 184). Plaintiff also stated that he understood that an attorney would not charge him a fee unless his claim for benefits was successful. (Tr. 184-85). Plaintiff indicated that he did not want to postpone the hearing, but wanted to proceed. (Tr. 185).

In a written decision April 18, 2007, the ALJ determined that Plaintiff was not entitled to disability benefits. (Tr. 14-18). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Tr. 5-8). Plaintiff

subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

It must also be noted that Plaintiff's insured status expired on June 30, 1975. (Tr. 17). To be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he became disabled prior to the expiration of his insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## **ANALYSIS OF THE ALJ'S DECISION**

Under the Social Security Act (the Act) there exist two separate and distinct programs pursuant to which a disabled individual may obtain benefits. Title II of the Act creates the Disability Insurance Benefit (DIB) program whereas Title XVI of the Act creates the Supplemental Security Income (SSI) program. To be eligible for DIB, a claimant must be "insured for disability insurance benefits," and establish that he became disabled prior to the expiration of his insured status. *See, e.g., Tillackdharry v. Barnhart*, 2006 WL 903191 at *4 (S.D.N.Y., April 10, 2006) (citing 42 U.S.C. § 423). A claimant's "insured status" is calculated using a system of "quarters of coverage" ("QC"), with each quarter defined as three calendar months. *See Tillackdharry*, 2006 WL 903191 at *4 (citing 42 U.S.C. § 423(c)(1)(B) and 20 C.F.R. § 404.102). A claimant is credited with quarters of coverage based on wages or self-employment income earned during the calendar years he has worked. *See Tillackdharry*, 2006 WL 903191 at *4 (citing 20 C.F.R. § 404.130). To be eligible for DIB benefits, a claimant must have accumulated at least 20 quarters of coverage during the 40 quarter (ten year) period ending with the quarter in which benefits are sought. *See Tillackdharry*, 2006 WL 903191 at *4 (citing 20 C.F.R. § 404.130(b)). On the other hand, eligibility for SSI

benefits considers a claimant's financial need and his income may not exceed specified dollar amounts. *See Tillackdharry*, 2006 WL 903191 at *4 (citing 42 U.S.C. § 1382(a)).

Plaintiff has not submitted any medical evidence (either below or in this Court) in support of his claim for benefits. Instead, Plaintiff asserts that he must prevail in this matter pursuant to an April 24, 1991 decision awarding him SSI benefits. This particular decision (by ALJ Bruce King) found that Plaintiff was disabled effective June 23, 1989. (Tr. 16, 76).[1] Plaintiff is not challenging the finding that he was disabled as of June 23, 1989. Instead, Plaintiff asserts that based on this determination he is entitled to DIB benefits.

On April 24, 1991, ALJ King granted Plaintiff's application for SSI benefits. (Tr. 72-76). As ALJ Matulewicz correctly noted, however, this particular decision "contained no reference whatsoever, to Disability Insurance Benefits," but instead only addressed Plaintiff's claim for Supplemental Security Income benefits. (Tr. 16, 73-76). Plaintiff asserted at the hearing below, and continues to assert in this Court, that the application for benefits on which the 1991 award was based was an application for *both* SSI and DIB benefits. (Tr. 168-71). ALJ Matulewicz, however, concluded otherwise. (Tr. 15-16). Moreover, even if the Court assumes that the application in question was for both SSI and DIB, such does not advance Plaintiff's cause. As ALJ Matulewicz correctly determined, by Plaintiff's June 23, 1989 disability onset date, his insured status had long since expired rendering him ineligible for DIB benefits.

Plaintiff's initial application for benefits, dated June 23, 1989, appears to have sought both SSI and DIB benefits. (Tr. 23). This claim was denied on August 24, 1989. (Tr. 23). Plaintiff

---

[1] A copy of this decision is contained in the administrative record. (Tr. 73-76). This copy, however, is difficult to read. Plaintiff has submitted a much better copy of this decision as an exhibit to his brief. (Dkt. #9).

moved for reconsideration of this decision, but apparently only as to the denial of his SSI claim. (Tr. 25). Plaintiff's request for reconsideration was denied. (Tr. 25). On March 9, 1990, Plaintiff submitted another application for benefits, seeking SSI benefits only. (Tr. 41). It was this claim that was heard by ALJ King. (Tr. 73).

The Court recognizes that ALJ King also made the decision to re-open Plaintiff's initial application for benefits. (Tr. 73). But ALJ King's decision addresses Plaintiff's claim for SSI benefits only. It appears that ALJ King was unaware that Plaintiff's initial application (unlike his request for reconsideration thereof and his subsequent March 9, 1990 application) was for both SSI and DIB benefits. This would certainly explain why ALJ King made absolutely no mention of DIB in his decision. Thus, as ALJ Matulewicz concluded, ALJ King "reopened the previously denied. . .claim for Supplemental Security Income" benefits. (Tr. 16). There is nothing in the record to support Plaintiff's contention that ALJ King found that he was entitled to DIB benefits or that he even considered whether Plaintiff was entitled to DIB benefits.

As the ALJ recognized, and Plaintiff concedes, following the April 24, 1991, favorable decision referenced above, Plaintiff received *SSI* benefits for approximately 14 years. (Tr. 16, 169). As the ALJ also recognized, and Plaintiff likewise concedes, Plaintiff's SSI benefits were then terminated "due to excess income earned by [Plaintiff's] spouse." (Tr. 16, 185). The Court notes that the fact that Plaintiff's benefits were terminated because of the amount of income his wife earned underscores that ALJ King's decision involved Plaintiff's claim for SSI benefits only, as DIB benefits (unlike SSI benefits) are not need based.

As ALJ Matulewicz stated, Plaintiff "honestly believes he was informed by Battle Creek Field Office personnel that he was entitled to Disability Insurance Benefits by virtue of Judge

6

King's hearing decision." (Tr. 16). This Court likewise does not doubt the sincerity of Plaintiff's belief in this regard. As ALJ Matulewicz further observed, however, "[t]here is no way to know for certain, what the claimant was told, or if his recollection is accurate. What is known, however, is that [ALJ King's] decision found the claimant disabled commencing June 23, 1989, and addressed Supplemental Security Income benefits only." (Tr. 16). This determination is supported by the record and Plaintiff has failed to identify anything in the record to the contrary.

The record is clear that ALJ King only considered Plaintiff's claim for SSI benefits. As ALJ Matulewicz properly concluded, Plaintiff's claim for DIB benefits would have been rejected by ALJ King even had he considered it. As the ALJ correctly observed, Plaintiff's insured status expired on June 30, 1975, almost fourteen years before the date on which ALJ King found him to be disabled, thus disqualifying him for DIB benefits. While Plaintiff claims that his insured status did not expire until 1991, (Tr. 160, 170), the record reveals otherwise, (Tr. 131), and Plaintiff has submitted no evidence to the contrary. Accordingly, ALJ Matulewicz rejected Plaintiff's claim for DIB benefits, a decision which is supported by substantial evidence.

## **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: October 5, 2010

　/s/ Ellen S. Carmody　
ELLEN S. CARMODY
United States Magistrate Judge